UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY ROZELLE, SR.,            ) | |
|                                                     ) | |
|           Plaintiff,                        ) | |
|                                                     ) | |
|       vs.                                     ) | Case No. 4:13CV02417 ERW |
|                                                     ) | |
| REINSURANCE GROUP OF AMERICA, ) | |
| INC.,                                         ) | |
|                                                     ) | |
|           Defendant.                    ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Reinsurance Group of America, Inc.'s ("RGA") Motion to Dismiss or for Summary Judgment [ECF No. 8], RGA's Motion to Strike Portions of Plaintiff's Petition [ECF No. 10], and Plaintiff Jeffrey Rozelle, Sr.'s ("Plaintiff") Motion for Remand [ECF No. 14].

**I.      BACKGROUND**

On November 22, 2013, Plaintiff, a resident and citizen of the State of Nebraska, filed in the Twenty-First Judicial Circuit Court, St. Louis County, State of Missouri, a "Petition for Violation of the Missouri Human Rights Act 213.00 et seq. R.S.Mo., and Petition to Retroactively Void 2007 Settlement and Release Agreement" against RGA, a Missouri corporation [ECF Nos. 1, 1-3. 1-5, 5, 5-1, 5-2, 5-3, 5-4, 5-5, 5-6, 5-7].  On November 27, 2013, RGA filed a Notice of Removal, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 [ECF No. 1].   RGA asserted that, because the corporation had not been served with Plaintiff's Petition as of the date RGA filed its Notice, the limitation on removal contained in 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought.") does not apply to bar removal in this matter.

On December 9, 2013, RGA filed a Motion to Dismiss or for Summary Judgment, contending Plaintiff's suit was contractually barred by a January 2007 Settlement Agreement and Release ("Agreement"), Plaintiff failed to seek a judicial determination that the Agreement was void within the applicable statute of limitations period, Plaintiff failed to comply with Mo. R. Civ. P. 55.22, and Plaintiff failed to plead the necessary elements for a claim of duress [ECF No. 8]. That same date, RGA also filed a Motion to Strike Portions of Plaintiff's Petition on several bases, including relevancy, materiality, and redundancy [ECF No. 10].

Plaintiff filed a Motion for Remand on December 30, 2013 [ECF No. 14]. In his Motion, Plaintiff challenges RGA's claim of complete diversity between the parties, and disputes this Court's jurisdiction over the matter [ECF No. 14].

## II.  STANDARD FOR FEDERAL COURT JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951). However, "'[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.

*Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiff is seeking to remand this action to state court, asserting that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Jurisdiction under § 1332 requires a minimum amount in controversy, in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. Plaintiff alleges the complete diversity requirement has not been met and, thus, that federal jurisdiction is improper.

Defendant, as the party seeking federal jurisdiction under 28 U.S.C. § 1332, has the burden of establishing, by a preponderance of the evidence, that complete diversity exists. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Complete diversity exists only when "'*each* defendant is a citizen of a different State from *each* plaintiff.'" *Id.* (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The citizenship of the parties is determined

3

at the time that the lawsuit is initiated, and not at the time that the cause of action arose.  *Id.* (citing *Smith v. Snerling*, 354 U.S. 91, 93 n.1 (1957)).  For purposes of diversity, a corporation is deemed to be a citizen of both its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).

In the present case, it is undisputed that Plaintiff is a citizen of the State of Nebraska for the purpose of determining if complete diversity exists.  Further, it is undisputed that Defendant RGA is a citizen of Missouri, its state of incorporation, and Missouri is its principal place of business.  Plaintiff, who is pro se, contends this action should be remanded to state court due to lack of federal subject matter jurisdiction.

Defendants may remove an action from state court to federal court when a federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441; *Perez v. Forest Lab., Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. Oct. 10, 2012).  However, a removal restriction embodied in 28 U.S.C. § 1441(b), referred to as the "forum defendant rule," provides that a defendant can remove a case based on diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. 1441(b)(2); *Perez*, 902 F.Supp.2d at 1240-41.  A federal court lacks diversity jurisdiction over a removed case when one of the defendants is a citizen of the forum state. *Perez*, 902 F. Supp.2d at 1241.  Violation of the forum defendant rule is a jurisdictional defect incapable of being waived.  *Id.*  RGA contends the forum defendant rule does not apply, as there is complete diversity between the parties and removal occurred before RGA, the sole defendant, was served.  Here, RGA removed the action five days after it was filed, before RGA could be served and the forum defendant rule operate to bar removal.

4

This Court previously examined the "joined and served" language of 28 U.S.C. § 1441(b)(2) in *Perez*, a case in which a non-forum defendant monitored the court docket and removed the plaintiffs' case from state court six days after the case was filed, before either the non-forum defendant or the named forum defendant was served. *Id.* at 1242. The plaintiffs did not dispute that complete diversity between the parties existed, or that removal was effected prior to service. *Id*. Plaintiffs, however, moved to remand the case to state court, asserting the defendant's action violated the forum defendant rule. *Id*.

In its analysis, the Court noted the purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant, and removal on the basis of diversity aims to protect non-resident litigants from prejudice in state court. *Id.* The Court recognized the need for protection from local bias does not exist, however, in matters where the defendant is a citizen of the forum state. *Id*. The Court also noted the forum defendant rule "creates an opportunity for procedural gamesmanship on behalf of plaintiffs trying to keep an action in state court[,]" and thus blocking removal, by either improperly joining a forum defendant, or joining a forum defendant they have no honest intention of actually pursing, and then not serving the forum defendant. *Id*. at 1242-43 (internal quotation and citation omitted).

In its consideration of the non-forum defendant's action in *Perez*, the Court found, "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Id.* at 1243. The Court concluded Congress did not include the "properly joined and served" language in the statute to reward defendants who rush to the courthouse to file a notice of removal before the plaintiffs could serve process. *Id.* The Court noted, "The rationale underlying the forum defendant rule is most clearly

5

contravened when a forum defendant itself removes the action before being served." *Id.* at 1244. It determined that, while a forum defendant's pre-service removal was particularly egregious, such action by an out-of-state defendant was also inconsistent with the policy underlying the forum defendant rule and subject to remand. *Id.* at 1244-46.

Considering the principle of statutory construction, the Court further concluded strict adherence to statutory language would run counter to legislative intent, and the rationale of 28 U.S.C. § 1441(b)(2) applied in *Perez*. *Id*. at 1246. The Court found it lacked proper subject matter jurisdiction over the action, and remanded the cause to state court. *Id.* at 1246.

Likewise here, the Court finds RGA's action in effecting pre-service removal constitutes a form of legal gamesmanship that violates the legislative intent relating to removal jurisdiction. The violation of 28 U.S.C. § 1441 is a jurisdictional defect in the Eighth Circuit. *See Horton v. Conklin*, 431 F.3d 602, 604-05 (8th Cir. 2005) ("[V]iolation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." (internal quotations and citation omitted)). Consequently, this Court does not have proper subject matter jurisdiction over this action, and remand is required.

## IV.   CONCLUSION

This Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b)(2); removal to federal court was improper. In the absence of subject matter jurisdiction, the Court lacks authority to rule on RGA's Motion to Dismiss or for Summary Judgment [ECF No. 8], and Motion to Strike Portions of Plaintiff's Petition [ECF No. 10]. The Court will grant Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [ECF No. 14] is **GRANTED**. This matter is remanded to the Twenty-First Judicial Circuit Court, St. Louis, Missouri.

Dated this   23rd   day of January, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE